UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 6:11-cr-00079-GFVT-HAI-5 |
| v. | ) ) ) | |
| HIRAM AUDIE BROCK, | ) ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 250.] Defendant Hiram Audie Brock has been charged with violating his terms of supervised release. In April of 2015, this Court sentenced Mr. Brock to 114 months imprisonment followed by a three-year term of supervised release following his guilty plea to one count of conspiracy to distribute oxycodone and methadone. [R. 204.]

Mr. Brock began his term of supervised release on March 24, 2020. Six months later, on September 30, 2020, Mr. Brock tested positive for, and admitted to using oxycodone. [*See* R. 237.] At the request of Mr. Brock's probation officer, this Court allowed Mr. Brock to enroll in substance abuse treatment in lieu of supervised release revocation. [*Id.*]

On December 7, 2020, the USPO issued a Supervised Release Violation Report that charged Mr. Brock with two violations: (1) a Grade C violation for using a controlled substance not prescribed by a physician; and (2) a Grade B violation for commission of another federal, state, or local crime. [R. 250 at 2.]

Judge Ingram conducted an initial appearance on December 17, 2020 and scheduled a final hearing for January 29, 2021. [*Id.*] At the final hearing, Mr. Brock entered a knowing, voluntary, and intelligent stipulation to both violations. [*Id.*]

After the final hearing, Judge Ingram carefully reviewed the entire record and considered the section 3553 factors in making his recommended disposition. Judge Ingram determined that Mr. Brock's admitted violations would qualify as Grade C and B violations, and given Mr. Brock's criminal history category of VI, his imprisonment range under USSG § 7B1.4(a) was twenty-one to twenty-seven months. [R. 250 at 3–4.] Judge Ingram correctly noted, however, that Mr. Brock's effective Guideline Range would be twenty-one to twenty-four months, given the statutory two-year maximum. [*Id.*] In making his recommendation, Judge Ingram found that (1) Mr. Brock's underlying sentence, which was well-below the Guideline Range, is an aggravating factor in the present proceedings; (2) The circumstances surrounding Mr. Brock's history of drug use are especially disturbing and revocation is necessary in order to keep Mr. Brock out of trouble, to help him think twice about returning to drug use, and to protect the public; (3) Mr. Brock's Guideline Range is driven by his dated convictions from 1997; and (4) Mr. Brock's violation conduct is driven by his addiction. [*Id.* at 8–9.] Emphasizing the latter two factors as grounds for a downward departure, Judge Ingram made the following recommendations: (1) Mr. Brock be found guilty of both violations; (2) Mr. Brock should have his supervised release revoked and that this Court shall impose a term of imprisonment of eighteen (18) months, with a twenty-four (24) month term of supervised release to follow; and (3) a recommendation for drug abuse treatment, with the recognition that Special Condition #2 adequately accomplishes that goal already. [*Id.* at 8.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. [*Id.*]; *see* 28 U.S.C. § 636(b)(1). Mr. Brock has not filed any objections to Judge Ingram's Report and Recommendation. Further, on March 16, 2021, Mr. Brock filed a waiver of allocution and requests that this Court recommend to the BOP that he be placed (1) in a low or minimum-security facility; (2) in a facility closest to his home; and (3) that he be able to serve as much time as possible in a halfway house. [*Id.*] The Court will recommend the placement requests, but will leave the third request to the discretion of the BOP.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Hiram Audie Brock **[R. 250]** is **ADOPTED** as and for the opinion of the Court;
2. Mr. Brock is found **GUILTY** of both violations;
3. Mr. Brock's supervised release is **REVOKED**;

3

4. Mr. Brock is hereby sentenced to the Custody of the Bureau of Prisons for a term of imprisonment of **eighteen (18) months**, followed by a **twenty-four (24) month** term of supervised release;

5. The Court recommends that Mr. Brock be placed in a low or minimum-security facility nearest his home, if possible;

6. The allocution hearing, currently set for **March 30, 2021**, is hereby **cancelled**; and

7. Judgment shall enter promptly.

This is the 22nd day of March, 2021.

Gregory F. Van Tatenhove
United States District Judge