UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:11-cr-00079-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| HIRAM AUDIE BROCK, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram.  [R. 277.]  Defendant Hiram Audie Brock has been charged with violations of his supervised release.  In 2013, Mr. Brock was sentenced to 114 months of imprisonment, followed by three years of supervised release, after pleading guilty to one count of conspiracy to distribute oxycodone and methadone in violation of 21 U.S.C. § 846.  [R. 204.]

Mr. Brock has now violated the conditions of his supervised release three times.  In September 2020, he tested positive for oxycodone.  [R. 277 at 1.]  The Court allowed Mr. Brock to be referred to outpatient treatment rather than face revocation.  *Id.*  But in December 2020, Mr. Brock tested positive for fentanyl and plead guilty to two violations.  *Id.* at 2.  Consequently, his release was revoked and he was sentenced to eighteen months of imprisonment, to be followed by two years of supervision.  [R. 254.]

In May 2022, shortly after he was released, the USPO issued a Report claiming Mr. Brock again violated the conditions of his supervised release by testing positive for fentanyl.  [R. 277 at 2.]  This conduct violated his release conditions to (1) not unlawfully use controlled

substances and (2) not commit another federal, state, or local crime.  *Id.*  These violations

respectively constitute one Grade C and one Grade B violation.[1]

On May 26, 2022, Mr. Brock appeared before Judge Ingram for his initial appearance

pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 275.]  During the hearing, the United

States made an oral motion for interim detention and Mr. Brock did not request release.  *Id.*

Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr.

Brock to the custody of the United States Marshal.  *Id.*  On June 2, 2022, Mr. Brock appeared

before Judge Ingram for his final hearing.  [R. 276.]  There, he stipulated to the violations

imposed upon him.  *Id.*  The Magistrate Judge found Mr. Brock to have been "competent to

stipulate to the violations and that the stipulation [was] knowingly, voluntarily, and intelligently

made."  *Id.*

At the final hearing, the parties jointly recommended the statutory maximum of twenty-

four months' incarceration with no additional term of supervised release to follow.  [R. 277 at 5.]

In support, the government argued that Mr. Brock has almost immediately violated his

conditions upon release and has a low chance of rehabilitation.  *Id.* at 4-5.  Though he has

significant criminal history, the government justified the joint recommendation for no further

term of supervision by arguing he is not so dangerous that supervision is required and, given his

likelihood of noncompliance, federal resources would be better used elsewhere.  *Id.*  Mr. Brock

agreed because "he is simply aware that he cannot resist the temptation to use drugs."  *Id.* at 6.

Judge Ingram evaluated the entire record and considered all of the Section 3553(a)

factors imported into the Section 3583(e) analysis, as well as the Guidelines Range.  Ultimately,

---

[1] Because use of an illegal substance equals possession, his use of marijuana constitutes a Class
E felony in violation of 21 U.S.C. § 844(a).

Judge Ingram recommended revocation with a term of twenty-four months of incarceration with no term of supervised release to follow.  *Id.* at 9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service.  *Id.* at 16; *see* 28 U.S.C. § 636(b)(1).  Mr. Brock has not filed any objections to Judge Ingram's Report and Recommendation and waived his right to allocution.  [R. 152.]  Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Report and Recommendation [R. 277] is **ADOPTED** as and for the Opinion of the Court;

2.  Mr. Brock is found **GUILTY** of all violations;

3.  Mr. Brock's supervised release is **REVOKED**;

4.  Mr. Brock is **SENTENCED** to a term of incarceration of twenty-four months, with no additional supervised release to follow, and;

5.  Judgment shall enter promptly.

This the 6th day of July, 2022.

Gregory F. Van Tatenhove
United States District Judge